**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DE EDWARD LESTER,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>MAURICE JUNIOUS,<br><br>        Respondent - Appellee. | No. 12-57035<br><br>D.C. No. 2:11-cv-07247-MWF-OP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted August 25, 2014**
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF,
Senior District Judge.***

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      ***     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

De Edward Lester appeals the district court's order denying his petition for a writ of habeas corpus.

Lester contends that he should be granted habeas relief because illicitly-attained incriminating statements were admitted at trial and caused actual prejudice. Lester relies on *Maine v. Moulton*, 474 U.S. 159 (1985), which held that "the Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent," *Id.* at 176, and that such "incriminating statements pertaining to pending charges are inadmissible at the trial of those charges." *Id.* at 180.

Without deciding whether *Moulton* was violated, we conclude that Lester has failed to show that the introduction of the statements had a "substantial and injurious effect or influence in determining the jury's verdict." *Moses v. Payne*, 555 F.3d 742, 755 (9th Cir. 2009) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The tainted evidence was merely "in effect, cumulative" of other "weighty" evidence that indubitably influenced the jury. *Brecht*, 507 U.S. at 639; *see also Moses*, 555 F.3d at 755 (holding that, in light of strong evidence of guilt, tainted evidence was harmless under *Brecht*).

**AFFIRMED.**